HENDERSON v. MORSE (two cases).

In re COGSWELL CANDY CO.

(Circuit Court of Appeals, Eighth Circuit.   August 28, 1916.)

Nos. 169 and 4625.

1. BANKRUPTCY ⬅︎440—REVIEW—MODE OF REVIEWING DECISION.
    Where an order of the trial court in bankruptcy involves a finding of
    fact, the order must be reviewed on appeal, and not by petition to revise.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915;  Dec.
    Dig. ⬅︎440.]

2. BANKRUPTCY ⬅︎467—REVIEW—FINDINGS.
    An order of the referee in bankruptcy approved by the trial court dis-
    allowing a claim, will not be disturbed on appeal, where supported by
    substantial evidence.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929;  Dec.
    Dig. ⬅︎467.]

Appeal from, and Petition to Revise Order of, the District Court
of the United States for the Eastern District of Missouri;  David P.
Dyer, Judge.

In the matter of the bankruptcy of the Cogswell Candy Company.
Claim by Devereaux Henderson, opposed by John J. Morse, trustee
in bankruptcy.   The claim was denied, and claimant appeals, and
also petitions to revise the order.   Affirmed on appeal, and petition to
revise dismissed.

William L. Mason, of St. Louis, Mo., for appellant and petitioner.

Wagner & Miller and Franklin Miller, all of St. Louis, Mo., for
appellee and respondent.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

ADAMS, Circuit Judge.   On January 26, 1915, the Cogswell Candy
Company, a corporation of Missouri, engaged in the retail candy busi-
ness, had a fire at its place of business, resulting in the destruction
of considerable property, upon which it carried insurance in five in-
surance companies, aggregating $9,000.   Ruth Cogswell was its presi-
dent, and W. R. Cogswell its secretary and treasurer.   Shortly after
the fire occurred W. R. Cogswell signed a contract, as secretary and
treasurer of the company, employing the appellant, Devereaux Hen-
derson, an attorney at law, to collect the claims of the candy com-
pany against the insurance companies, for 15 per cent. of the total
sum collected.   On the same day the president objected to the con-
tract, and soon thereafter the board of directors of the company
repudiated it.   Henderson, as soon as the contract was signed, entered
upon the discharge of the duties of his employment, but did little, if
any, work before he was advised of the disapproval of his contract.
On January 28, 1915, the company was adjudicated a bankrupt, and
John J. Morse, the appellee, chosen trustee.   He collected, without
the assistance of Mr. Henderson, $5,354.51 from the insurance com-
panies, and Henderson presented a claim against the estate·in bank-

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ruptcy for $803.40, the same being 15 per cent. of the amount so collected by the trustee. This claim was resisted by the trustee on the ground that the contract was made without authority. Much evidence was produced by the trustee, tending to show that Cogswell, as secretary and treasurer of the company, had no authority to make the contract, that the president of the company alone had that authority, and that the compensation for the little work and labor required to be done, as stipulated in the contract, was so grossly excessive as to indicate bad faith. Evidence to the contrary was produced by the claimant. At the conclusion of it all the referee made an order disallowing the claim. The district judge, on petition for review, affirmed the order. Henderson now brings the case here on appeal, and also by original petition to revise.

[1] As the case involves a consideration and finding of facts, we must dispose of it on the appeal, and not on the petition to revise.

[2] We have carefully read all the evidence and the briefs and arguments of counsel, and find that there is substantial proof sustaining the order made.

The rule is well settled in this court that the findings of a referee in a case like this, concurred in by the court on petition for review, are presumptively correct, and will not be disturbed by an appellate court unless some obvious error of law or serious mistake in considering the evidence has occurred. As we are unable to find any such error or mistake, and think the order is well sustained by the proof, it must be affirmed, and the petition to revise dismissed.